# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:16-cr-107 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| LATICHA SCHROYER, | : | |
| Defendant. | : | |

## ENTRY AND ORDER DENYING MOTION TO WITHDRAW PLEA (DOC. 39)

This case is before the Court on Defendant Laticha Schroyer's Motion to Withdraw Plea (Doc. 39). On August 14, 2017, Schroyer pled guilty to one misdemeanor count connected to making false statements related to her entitlement to federal Workers' Compensation benefits. She now asks the Court to permit her to withdraw her guilty plea under Federal Rule of Criminal Procedure 11(d) based upon her assertion of actual innocence. On March 12, 2018, the Court held a hearing on the Motion to Withdraw Plea, at which Schroyer testified and both her counsel and the Government's counsel argued their respective positions. For the reasons below, the Court **DENIES** the Motion to Withdraw Plea.

## I. BACKGROUND

Schroyer was employed by the United States Postal Service as a letter carrier at its West Carrollton, Ohio office. (Doc. 39 at 2.) On or about May 7, 2015, she sustained a physical injury while attempting to lift a heavy package. (*Id.*) As a result of this

injury, she was placed on limited duty. (*Id.*) A medical professional later increased her work restrictions after a physical examination. (*Id.*)

The Government alleged that Schroyer misrepresented her physical condition to a federal agent and charged her with Theft of Government Money or Property and False Statements Related to Federal Workers' Compensation Benefits. On August 14, 2017, Schroyer pled guilty by bill of information to one misdemeanor count to making a statement that was "false, fictitious, or misleading" in connection with federal Workers' Compensation benefits. (Doc. 37.) About a month and a half later later, on September 27, 2017, she filed the Motion to Withdraw Plea (Doc. 39) now before the Court. The Court has not yet imposed a sentence based on Schroyer's plea.

II. **ANALYSIS**

Federal Rule of Criminal Procedure 11(d)(2) provides that a defendant may withdraw a plea of guilty after the Court has accepted the plea, but before it imposes sentence, if the "defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). The defendant has the burden of demonstrating a ground for granting the motion to withdraw. *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987).

The Court considers several factors to determine whether a defendant has carried her burden for withdrawing her plea :(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained [her] innocence; (4) the circumstances underlying the entry

2

of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted." *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir.2007).

Under the first two factors, "[t]he shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (quoting *Triplett*, 828 F.2d at 1197). A longer interval between the plea and the motion to withdraw suggests strategic behavior. *United States v. Carpenter*, 554 F. App'x 477, 481 (6th Cir. 2014).

The Sixth Circuit has not established a hard and fast rule for when delay in moving to withdraw a plea is unreasonable, but has affirmed decisions denying withdrawal of a guilty plea after one or two months. *Id.* (citing cases). Here, Schroyer waited a month and a half before bringing her Motion to Withdraw Plea. While that is not an inordinately long period, it is long enough to infer that Schroyer's decision might have been based on strategic thinking.

Schroyer argues that she should be permitted to withdraw her plea based on her actual innocence. Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1998). Schroyer claims that she did not understand the context of the questions that she was asked by the special agent investigating her entitlement to Workers' Compensation benefits, and therefore did not have the culpable state of mind required to be found guilty of making a misleading

3

statement. She also asserts that making the decision to enter the plea involved "an intense mental and emotional struggle concerning whether to enter the plea and bring this case to a close or to summon the courage to trust the criminal justice system to find her innocent." (Doc. 39 at 3.) She explains that she pled guilty because she understood that her ability to prevail at trial would depend on a highly subjective assessment of her credibility. (Doc. 39 at 4.) She testified at the hearing on the Motion to Withdraw Plea that, at the time, she believed pleading guilty to the misdemeanor was better than proceeding to trial on three felonies.

Schroyer began to doubt her plea in discussions with the administrative judge presiding over her case before the Equal Employment Opportunity Commission ("EEOC"). The administrative judge explained to Schroyer that her guilty plea would have a negative impact on her claim. The United States Postal Service attorney's argument at the EEOC hearing also caused Schroyer to reconsider whether she should have pled guilty.

At the hearing on the Motion to Withdraw Plea, Schroyer also recalled her colloquy with the Court during her plea hearing. She acknowledged that she was asked a number of times about the statement of facts upon which she entered her plea. She had no explanation as to how she could have misunderstood the plain language in that statement of facts, including the statement that she made misleading statements to the special agent. During the Government's cross-examination, Schroyer was also reminded of the approximately 90 minutes that Schroyer, her counsel, and the

Government's counsel spent drafting the language in the statement of facts for her approval.

In sum, the circumstances of this case do not establish a fair and just reason for permitting Schroyer to withdraw her plea. There were no defects in the plea hearing that might cast doubt on whether or not she understood the statement of facts and the charge to which she pled. Her decision to seek withdrawal immediately followed an EEOC hearing, during which she learned that her guilty plea would adversely affect its outcome. Schroyer also has not persuaded the Court of her factual innocence or the legal insufficiency of the Government's case.

### III. CONCLUSION

For the reasons above, the Court **DENIES** the Motion to Withdraw Plea (Doc. 39).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 3, 2018.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE